744           February 14, 2024           No. 98

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

COLUMBIA PACIFIC BUILDING & CONSTRUCTION
TRADES COUNCIL,
Portland Business Alliance,
Oregon Business & Industry Association,
Western States Petroleum Association,
and Working Waterfront Coalition,
*Petitioners,*

*v.*

CITY OF PORTLAND,
Columbia Riverkeeper,
Oregon Physicians for Social Responsibility,
and Portland Audubon
*Respondents.*

Land Use Board of Appeals
2022089; A182570

Argued and submitted December 11, 2023.

Steven G. Liday, Jr. argued the cause for petitioners. Also on the brief were William L. Rasmussen and Miller Nash LLP.

Maura C. Fahey argued the cause for respondents Columbia Riverkeeper, Oregon Physicians for Social Responsibility, and Portland Audubon. Also on the brief was Crag Law Center.

Lauren A. King argued the cause for respondent City of Portland. Also on the brief was Denis Vannier.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

This land-use review relating to the City of Portland's zoning regulations of "Bulk Fossil Fuel Terminals" returns to us for a second time. Petitioners seek review of a final opinion and order of the Land Use Board of Appeals (LUBA) that rejected petitioners' challenge to the city's Ordinance No. 190978. That ordinance adopted the city's most recent amendments, the 2022 amendments, to the city's zoning code to further regulate the terminals. Petitioners raise four assignments of error. We briefly address and reject each in turn. As a result, we affirm LUBA's decision.

In their first assignment of error, petitioners contend that LUBA erred in failing to adequately evaluate whether the city's findings in support of the 2022 ordinance were supported by substantial evidence. In a related second assignment of error, which petitioners combine in briefing with their first assignment of error, petitioners contend that LUBA's interpretation of the ordinance is not supported by substantial evidence and failed to consider petitioners' "interpretational challenges" to the ordinance's amendments.

We will reverse an order by LUBA if, among other things, it is not supported by substantial evidence or is unlawful in substance or procedure. ORS 197.850(9)(a), (c). When we review LUBA's order for substantial evidence, our role is to "evaluate whether LUBA properly stated and applied its own standard of review." *Citizens for Responsibility v. Lane County*, 218 Or App 339, 345, 180 P3d 35 (2008). If LUBA does not err in its articulation of that standard, we will reverse "only when there is no evidence to support the finding or if the evidence in the case is 'so at odds with LUBA's evaluation that a reviewing court could infer that LUBA had misunderstood or misapplied its scope of review.'" *Id.* (quoting *Younger v. City of Portland*, 305 Or 346, 359, 752 P2d 262 (1988)). When we review to determine if a LUBA opinion is unlawful in substance, we determine if it contains a "mistaken interpretation of the applicable law." *Mountain West Investment Corp. v. City of Silverton*, 175 Or App 556, 559, 30 P3d 420 (2001).

Having applied that standard of review, we reject petitioners' first and second assignments of error. LUBA

properly stated and applied its standard of review, and nothing in the record demonstrates that LUBA misunderstood or misapplied its standard. Much of petitioners' argument before LUBA and to us depends on petitioners' construction of the ordinance as absolutely barring certain types of new fossil fuel terminals. The city has a different interpretation of its own code. Although LUBA faulted petitioners for not developing legal arguments until their reply brief, its decision addressing petitioners' substantial evidence challenges ultimately rejected petitioners' legal arguments on the merits, particularly noting that the text of the ordinance—and, significantly, its exceptions—did not support petitioners' legal interpretation and supported the city's interpretation. LUBA did not err in so concluding.

Petitioners' third assignment of error contends that LUBA erred in holding that the ordinance's amendments comply with various policies in the city's 2035 Comprehensive Plan. LUBA accurately stated its substantial evidence standard of review early in its decision and further properly stated that LUBA must reverse a local land use regulation under ORS 197.835(7)(a) if the regulation does not comply with the comprehensive plan. LUBA also accurately described the legal standard of review, including when the city is entitled to deference in its interpretation of its own code. Again, having reviewed LUBA's decision, we cannot infer that LUBA misunderstood or misapplied its standard of review or committed legal error in its analysis.

Finally, in their fourth assignment of error, petitioners contend that LUBA erred in rejecting their dormant Commerce Clause challenge to the ordinance. Petitioners contend that the ordinance's amendments both facially and in practical effect discriminate against interstate commerce in violation of the dormant Commerce Clause to the United States Constitution.[1] They contend that the ordinance dis-

---

[1] The Commerce Clause provides Congress the power "[t]o regulate Commerce *** among the several States." US Const, Art I, § 8, cl 3. The so-called "dormant" Commerce Clause is the negative implication of that provision, as developed through case law, that "denies the States the power unjustifiably to discriminate against or burden the interstate flow of articles of commerce." *Oregon Waste Systems, Inc. v. Department of Environmental Quality of Ore.*, 511 US 93, 98, 114 S Ct 1345, 128 L Ed 2d 13 (1994).

criminates against interstate commerce by regulating fuel-terminal infrastructure in a manner that limits fuel in interstate commerce and exempts similar restrictions on fuel that may be used in the local and regional, albeit still interstate, market. Petitioners raised, and we rejected, a nearly identical dormant Commerce Clause challenge to an earlier version of the ordinance. *Columbia Pacific v. City of Portland*, 289 Or App 739, 412 P3d 258, *rev den*, 363 Or 390 (2018). That earlier ordinance similarly limited certain new fuel terminals and also had exceptions for certain local and regional end users of fuel such as for airport fuel storage and local retail use.[2] *Id.* at 748. Although petitioners add an express facial challenge to the new ordinance and further argue about the ordinance's discriminatory purpose, our reasoning in *Columbia Pacific* stands and applies equally to petitioners' most recent challenge. In that decision, we concluded that the amendments did not discriminate against interstate commerce by favoring local interests and burdening substantially similar out-of-state economic actors. *Id.* at 746. Although petitioners contend that we did not previously address the central issue presented here, a contention that we reject, petitioners do not argue that our earlier decision was plainly wrong. As a result, we adhere to it. *See State v. Civil*, 283 Or App 395, 417, 388 P3d 1185 (2017) (stating that we adhere to our prior case law unless it is "plainly wrong," which is "a rigorous standard, satisfied only in exceptional circumstances").

For the reasons discussed above, we affirm LUBA's final opinion and order.

Affirmed.

---

[2] Petitioners point to a new local exception for storage of fuel used to meet local renewable fuel standards. That exception is not substantively different, as a legal matter, than the local exceptions we addressed in our prior decision.